UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ELIZABETH STREZA,

                   Plaintiff,

     v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, *et al.*,

              Defendants.

Action No. 3:15-CV-168

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss, ECF No. 13, filed by Defendants Commonwealth Trustees, LLC ("CT"), ECF No. 13, a Motion to Dismiss, ECF No. 15 filed by Rosenberg & Associates, LLC ("Rosenberg"), and a Motion to Dismiss, ECF No. 18, filed by Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants"). Also before the Court is a Motion for Leave of Court in Order to Amend Complaint ("Motion to Amend") filed by *pro se* Plaintiff Elizabeth Streza ("Streza"). ECF No. 35. For the reasons set forth below, the Court will GRANT CT's Motion to Dismiss, ECF No. 13, GRANT Rosenberg's Motion to Dismiss, ECF No, 15, GRANT Fannie Mae's Motion to Dismiss, ECF No. 18 and DENY Streza's Motion to Amend, ECF No. 35.

### I.    PROCEDURAL BACKGROUND

Streza previously filed several lawsuits, all related to the foreclosure of the property at issue in the instant matter and the attempt to obtain a loan modification. Streza's first complaint was filed in 2012 against Bank of America, N.A. ("BANA"), which was dismissed by demurrer in the Henrico County Circuit Court. Streza filed her second complaint in this Court, which issued an opinion in August 2014 dismissing the case. *See Streza v. Bank of America*, 2014 WL 3810363 at *1 (E.D. Va. 2014). Streza filed a third complaint in the Henrico County Circuit Court in October 2014. However, Streza agreed to a dismissal without prejudice in that

matter.

On March 20, 2015, Streza filed a Complaint alleging that three named Defendants violated 15 U.S.C. 1681(a)(1) of the Fair Credit Reporting Act ("FCRA") in handling the foreclosure of her home.  On April 28, 2015, CT filed a Motion to Dismiss, which included a *Roseboro* notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  ECF No. 13. Streza has not filed a response and has missed her deadline to do so.  On April 28, 2015, Rosenberg filed a Motion to Dismiss, which included a *Roseboro* notice.  ECF No. 15.  Streza has not filed a response and has missed her deadline to do so.  Finally, On April 30, 2015, Fannie Mae filed a Motion to Dismiss, which also included a *Roseboro* notice.  ECF No. 18.  Here too, Streza declined to file a response and has missed her deadline to do so.

This Court has since issued an Order, granting Streza additional time until June 8, 2015—*i.e.*, the day before the previously scheduled motions hearing—to file her responses to the aforementioned motions.

On May 5, 2014, Defendants submitted an electronic request for oral argument.  A motions hearing was conducted on August 18, 2015.

## II.    FACTUAL BACKGROUND[1]

On January 24, 2006, Streza entered into a mortgage loan transaction by executing a note (the "Note") payable to Countrywide Home Loans, Inc., ("CHL") in the amount of $176,000 to purchase property located at 2244 Orion Road, Jarratt, Virginia 23867 ("Property").[2]  The Note was secured by a Deed of Trust recorded as Instrument Number 06000127 in Greensville County, Virginia.  *See* Complaint ("Compl.") ¶ 7.  Streza's mortgage was originally serviced by Countrywide Home Loans Servicing, LP, which became known as BAC Home Loans Servicing,

---

[1] The Court assumes all of Streza's well-pleaded allegations to be true, and views all facts in the light most favorable to Streza. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

[2] Streza additionally describes her mortgage as being "backed" by Fannie Mae.  *See* Complaint ("Compl.") at ¶ 15.

LP, in 2009. Both of these entities as well as Countrywide Bank, FSB, merged with and into Bank of America, N.A. ("BANA"), prior to the initiation of this lawsuit.

Streza describes herself as a "distressed" home owner; however, she does not allege whether, or the extent to which, she is in arrears on her mortgage. *Id.* ¶ 20. Streza does allege that in 2010, she travelled with her mother to an event sponsored by the Neighborhood Assistance Corporation of America ("NACA") event in Atlanta, Georgia for the purpose of obtaining a home loan modification.[3] *Id.* ¶¶ 14-15. Streza alleges that by 2010, the Property was significantly overvalued, as was the tax-assessment of the Property. At the NACA event on June 13, 2010, Streza met with a representative of BANA to discuss the possibility of a home loan modification based on the current value of her home. *Id.* ¶ 14.

Streza alleges that the BANA representative promised Streza that the desired loan modification would be offered and, thereby, created an enforceable contract. *Id.* Specifically, Streza alleges that the BANA representative signed a document indicating that BANA would provide a home appraisal. *Id.* Streza alleges that the BANA representative promised that after the appraisal was complete and Streza submitted certain documents, BANA would reduce the principle owed on Streza's loan. *Id.*

Streza alleges that shortly after meeting with the BANA representative on June 13, 2010, she provided the requested documents and waited for BANA to provide a home appraisal. Streza alleges that no home appraisal ever occurred despite her repeated attempts to contact Defendants. *Id.* In July of 2010, Streza was offered a loan modification; however, the proposed loan modification did not reduce the principal of the loan and carried a forty-year term, to which Streza objected. *Id.* ¶ 15. Streza alleges that she never accepted the offered loan modification because BANA would not respond to her requests for an explanation of the modification loan's

---

[3] Streza indicates that this trip was costly and that contributed to her mother's death in April 2013. However, she does not appear to assert a claim for promissory estoppel and, even construing the Complaint liberally, does not plausibly allege that Defendants' representations caused her to attend the NACA event. *See id.* ¶¶ 14-15.

terms. *Id. ¶*12.

The servicing of the Note was eventually transferred to Green Tree, and Green Tree foreclosed on the Property because of Streza's default on the Note. *See id.* at 2. Streza alleges that she received notice of an impending foreclosure sale on September 15, 2014. *Id.* ¶ 21. The Property was sold at a foreclosure sale held on October 7, 2014 (the "Foreclosure Sale"). Fannie Mae owns the Note and now has title to the Property. *Id.* ¶¶ 13, 21. Fannie Mae has filed a complaint for unlawful detainer against Streza in the Greensville County General District Court ("the Unlawful Detainer case") and has obtained a judgment of possession against Streza.

From before the collapse of the real estate market in 2008 until approximately August 2011, Streza was employed as a real estate agent. The Complaint includes many broad allegations regarding BANA and Fannie Mae's participation in events and practices that ultimately led to the collapse of the real estate market. On the basis of these allegations, Streza claims that the Fannie Mae "eliminated [Streza's] career" and, by destroying her career as a real estate agent, "took away her ability to pay her mortgage." *Id.* ¶ 40.

### III.   LEGAL STANDARD[4]

#### a.   *Rule 12(b)(1)*

Federal Rule of Civil Procedure 12 allows for a number of defenses to be raised to a complaint at the pleading stage. Among these are the defenses that a Court lacks subject matter jurisdiction over the case, *see* Fed. R. Civ. P. 12(b)(1), and that the pleadings fail to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6). Once subject matter jurisdiction has been challenged, it is the plaintiff's "burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

---

[4] The Court assumes all of Streza's well-pleaded allegations to be true, and views all facts in the light most favorable to Streza. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

When considering a Rule 12(b)(1) motion to dismiss, unlike a motion to dismiss pursuant to Rule 12(b)(6), "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Government of Indonesia*, 370 F.3d 392, 398 (4th Cir.2004) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)).  Therefore, this Court may weigh the evidence and resolve factual disputes regarding jurisdiction by considering evidence outside the Complaint.  *Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995).  Even though such a Rule 12(b)(1) motion to dismiss is not converted into a motion for summary judgment, district courts "should apply the standard applicable to a motion for summary judgment, under which the nonmoving  party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists."  *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768.  Only when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law" should the Court grant the motion.  *Id.*

b.  *Rule 12(b)(6)*

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it.  Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 & n.3. The Court need not accept legal conclusions that are presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## IV.   ANALYSIS

Because Streza brings this action *pro se*, the Court has liberally construed the Complaint. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### a.   *CT and Rosenberg*

As to CT and Rosenberg,  the Complaint fails due to lack of subject matter jurisdiction. Streza's Complaint does not concern a federal question, nor is there diversity between the parties.  Therefore, there is no subject matter jurisdiction for this Court to hear the instant matter.

Even if subject matter jurisdiction existed, which it does not, the Complaint still fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Courts must liberally construe *pro se* complaints. *Gordon*, 574 F.2d at 1151.  Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  Streza's allegations fail to provide CT and Rosenberg with fair notice of the facts upon which their liability rests.  *See Twombly*, 550 U.S. at 544.  The Complaint alleges that Defendants' conduct violated the FCRA with regard to loan servicing, foreclosure proceedings, and loan origination.  As a general matter, most of the allegations contained in the Complaint include a significant number of legal conclusions and claims insufficiently supported by facts to be nudged "across the line from conceivable to plausible."  *Id.* at 570.  From the face of the

Complaint, it is entirely unclear what cause of action is being asserted against CT and Rosenberg. Streza's allegations are unsupported by facts specific to Streza, herself, or to CT and Rosenberg's interactions with her regarding her mortgage loan. In fact, the Complaint does not discuss CT or Rosenberg whatsoever. Therefore, as to CT and Rosenberg, Streza's Complaint fails to state a claim and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6).

> b. *Fannie Mae*

In Streza's Complaint, she essentially alleges that Fannie Mae breached the provisions of the FCRA by causing her real estate business to decline and her default on the note.

The text of Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the Supreme Court explained in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that a complaint must contain more than a formulaic recitation of the elements or bare legal conclusions in order to survive a challenge under Federal Rule of Civil Procedure 12(b)(6). *Twombly*, 550 U.S. at 555-56 (citing Fed. R. Civ. P. 12(b)(6)). Although detailed factual allegations are not needed, the complaint must contain sufficient factual allegations to create more than a mere suspicion that the plaintiff is entitled to relief. *Id.* at 555 (citing 5 C. Wright & A. Miller, Fed. Prac. & Proc. § 1216, pp. 235–236 (3d ed. 2004)). In other words, a complaint must contain plausible, rather than merely speculative, grounds to infer the existence of each element of the cause of action. *See id.* at 556.

Many of Streza's allegations fail this standard either because they are undermined by contradictory information in the Complaint or because they are merely bare legal conclusions. For example, Streza admits that she was "very behind" on her mortgage. Compl. ¶ 28. Although she admits that she refused an offered loan modification in 2010 because, she claims, the offered modification was not reasonable, *see id.* ¶ 12 (admitting she was offered a modification and elected not to accept it), she blames Fannie Mae in particular and the mortgage industry in

general for creating the conditions that lead to the recession, which in turned caused her real estate business to suffer. *See e.g.*, *id.* ¶ 23 (stating, without further explanation, that Fannie Mae "cook[s] its books, smooth[es] out earnings, and violat[es] 30 generally accepted accounting principles"). The Complaint lodges many conclusory allegations against Fannie Mae, including, without limitation, claims that Fannie Mae failed to properly gather loan documentation. *Id.* 15, 23-24. These allegations are simply unsupported by any additional factual material in the Complaint and, to be taken as true, would require the Court to draw unsupported legal conclusions regarding the adequacy of Fannie Mae's conduct. For these reasons, such allegations raise only a speculative, rather than a plausible right to relief and, therefore, fail as a matter of law.

To the extent that the Complaint includes allegations sufficient to meet the pleading standard of Rule 8, the Court will now address those claims below.

### i. Res Judicata

The bulk of the Complaint's allegations center around Streza's attempt to obtain a home loan modification based on the appraised value of the Property. Fannie Mae characterizes these allegations as a claim for violation of the Home Affordable Modification Program ("HAMP") and argues that Streza's lawsuit against Fannie Mae is barred by *res judicata.* In sum, Fannie Mae moves to dismiss the Complaint, arguing that Streza's claims are barred because she brought substantially similar allegations against parties in privity with one another before, which were previously adjudicated.

"Motion to dismiss under the doctrine of res judicata are properly reviewed under the standard for dismissal set forth in Federal Rule of Civil Procedure 12(b)(6). *Walls v. Wells Fargo Bank, N.A.*, No. 1:13CV623, 2013 WL 3199675, at *2 (E.D. Va. June 20, 2013). Therefore, the court should assume that the facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Id.* Res judicata bars allegations which were brought, and allegations which could have been brought, in the previous suit. *Pueschel v.*

*United States*, 369 F.3d 345, 354 (4th Cir. 2004).

*Res judicata* applies when the following three elements are satisfied: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Feliciano v. Reger Grp.*, No. 1:14CV1670, 2015 WL 1539617, at *2 (E.D. Va. Apr. 7, 2015) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)). The Fourth Circuit has stated that "[T]he test for deciding 'whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, (4th Cir. 2008) (quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)) (internal quotations omitted). "Newly articulated claims based on the same [transactional] nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* (quoting *Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)).

Regarding the first and third elements of *res judicata*, i*n Streza* I, the majority of Streza's allegations centered on her attempt to obtain a loan modification. *See Streza I*, 2014 WL 3810363 at *6. Likewise, the instant suit raises claims regarding Streza's attempt to obtain a loan modification. As to the first element in particular, the Court, in *Streza I*, concluded that Streza provided no legitimate basis on which to bring a claim for violation of HAMP and, accordingly, dismissed the complaint with prejudice to the extent that it sought to bring such a claim. Further, the Court also found that there is no guarantee in HAMP that a borrower will receive a loan modification. *See Streza I*, 2014 WL 3810363 at *6. Additionally, the Court confirmed that there is no private right of action under HAMP. *Id.* The alleged violations in the instant matter emerge from the same conduct that gave rise to her other previously alleged injuries, and therefore could have been brought in the previous suit. *See Laurel Sand*, 519 F.3d at 163. Therefore, the first and third elements of res judicata are satisfied.

As to the second element, to establish privity, some relationship must exist between the parties so as to permit one party to assert the legal rights of the other in the original suit. *Blick v. Soundview Home Loan Trust 2006-WF1*, No. 3:12CV062, 2013 WL 139191, at *4 (W.D. Va. Jan. 10, 2013) *aff'd*, 521 F. App'x 207 (4th Cir. 2013).   Fannie Mae, the owner of the loan, *see* Compl. at ¶ 21, is in privity with BANA, the prior loan servicer because Fannie Mae would have been able to assert its rights to enforce the Note in *Streza I.* "Virginia courts typically find privity when the parties share a contractual relationship, owe some kind of legal duty to each other, or have another legal relationship such as co-ownership." *Id.* (quoting *Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust*, 833 F. Supp.2d 552, 558 (E.D. Va. 2011)).   Privity exists in this case as Fannie Mae had a contractual relationship with BANA (now Green Tree) regarding the servicing of the Note.   *See* Compl. ¶ 21 (admitting that Fannie Mae owns the Note).

Because all of Streza's allegations either were brought or could have been brought in her complaint filed in *Streza I* against the same parties or their privies, and those allegations were adjudicated on the merits*, res judicata* applies and Streza's Complaint will be dismissed.

ii.   The Anti-Injunction Act, 28 U.S.C § 2883

Streza requests that the Court enter an order enjoining the Unlawful Detainer case and enjoining Defendants from "conveying, selling, mortgaging or otherwise encumbering or disposing the Property."   Compl. ¶¶ 36-37.   Fannie Mae filed a complaint for unlawful detainer against Streza in the Greensville County General District and obtained a judgment of possession against Streza.   Therefore, this issue is now moot.

iii.   Declaratory Judgment and Monetary Damages

Streza requests that the Court "[e]nter declaratory judgment that the foreclosure sale and Trustee's Deed were void or voidable and should be put aside."   Compl. ¶ 39.   However, Streza is not entitled to a declaratory judgment because she fails to state a claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).

10

A federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essential elements are met: (1) the complaint alleges an 'actual controversy' between the parties 'of sufficient immediacy and reality to warrant issuance of a declaratory judgment;' (2) the court possesses an independent basis for jurisdiction over the parties (*e.g.*, federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction. *Luther v. Wells Fargo Bank, N.A.*, No. 4:13CV072, 2014 WL 6451667, at *2 (W.D. Va. Nov. 17, 2014).

Here, there is no basis for the Court to award Plaintiff a declaratory judgment because she fails to state a cause of action. *See Luther*, 2014 WL 6451667, at *2 (noting that there must be a cause of action for the court to issue a declaratory judgment). Similarly, Streza's claim for monetary damages in the amount of $75,000 is deficient. Compl. ¶ 40. There are no facts to support the conclusory allegation that the foreclosure proceedings or behavior by Fannie Mae caused Streza pecuniary loss in the amount of $75,000.

        c.  *Motion to Amend*

Under Rule 15(a)(2), a party may amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The rule suggests that courts "should freely give leave when justice so requires." *Id.* This broad rule gives effect to the "federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

The Fourth Circuit has interpreted Rule 15(a) to mean that "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426 (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Courts should only deny leave to amend on the grounds of futility when the proposed amendment is clearly insufficient or frivolous on its face. *See Johnson*, 785 F.2d at 10. If,

however, a court determines that the amendment would be futile, leave to amend may be properly denied.  *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001).  In order to avoid denial on the basis of futility, a party seeking to amend must meet the requirements for the particular cause of action by plausibly alleging facts sufficient to survive a motion to dismiss.  *See Pfizer v. Teva Pharms. USA, Inc.*, 803 F. Supp. 2d 459, 461 (E.D. Va. 2011).

Streza seeks to amend the complaint to "include the fact that the acceleration notice received on February 6, 2015 from [attorney] Joseph Patry [sic] was after the foreclosure conducted on October 7, 2015."  Mot. to Amend at 1.  Based on the Motion to Amend, Streza cannot overcome any of the deficiencies noted in the foregoing analysis.  The proposed amendment is clearly insufficient and compels the determination by this Court that said amendment would be futile.  The Motion to Amend, therefore, will be denied as futile.

## V.    CONCLUSION

For the foregoing reasons, the Court will GRANT CT's Motion to Dismiss, ECF No. 13, GRANT Rosenberg's Motion to Dismiss, ECF No, 15, and GRANT Fannie Mae's Motion to Dismiss, ECF No. 18.  The Complaint, accordingly, will be DISMISSED.  Further, the Motion to Amend will be DENIED, ECF No. 35.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Streza.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___19th____ day of August 2015.